Good afternoon, your honors. May it please the court. My name is Brian Jacobs. I represent appellant Frank Bright on this appeal. I did not represent him below or in his first appeal. This court should vacate the amended judgment of conviction and remand the matter to the motion to withdraw his guilty plea and conduct further fact finding. The district court's decision to reject Mr. Bright's motion to withdraw was erroneous in two ways on the present record. First, the district court was wrong that the motion to withdraw was barred by the mandate rule, which is subject to de novo review by this court. And second, the district court was wrong to deny the motion on the present record because the record was 16th letter, which I'll get to in a moment, at the time he brought his first appeal, that he didn't know of the government's threat to, that the government had retracted its threat to file a superseding indictment. If I may just give a brief background. After Mr. Bright's first appeal on September 1st, 2020, this court remanded the matter to the district court to impose any special conditions of supervised release in open court. Before the resentencing, Mr. Bright filed a motion to withdraw his plea under Rule 11D2, which allows that to happen anytime before the district court imposes sentence if the defendant can show a fair and just reason for requesting withdrawal, and which this court has said should be granted liberally. Mr. Bright did present a fair and just reason here after the first appeal to think the plea was not adequate in its current state to contradict this. In particular, Mr. Bright's motion explained that after the jury hung in his first trial, and the government threatened on April 15th, 2019, to file a superseding indictment with more serious charges. But after that threat, Mr. Bright pled guilty on April 19th, four days later. At the time of his plea, however, Mr. Bright did not know, he said, that the government had, in fact, retracted its threat in a letter of April 16th. It had retracted its threat, and he could have gone to trial on the same charges on which the jury had declined to reach a verdict before. The district court's decision with respect to the mandate rule here, and on the merits, were based on the same faulty reasoning. Let me just ask you, I know your client says he didn't see the second letter, wasn't aware of it, but if the and if everybody showed up on April 19th, which I guess was the day of the plea, right? Correct, your honor. And there was no superseding indictment. Couldn't we infer that he knew that there was not going to be a superseding indictment, but the fact that it had not happened by April 19th, which is what the government had said in the April 15th letter it was going to do? Your honor, what the government says... I'm missing something. You understand my question. I do understand your question, and that is, in fact, the basis that Judge Vela gave for denying the motion. She said at the time he enters the plea, at 425 p.m. on the 19th, he knows there has not been a superseder filed by 2 p.m. on that day. And that's sufficient to show him, or for him to infer, that not only there wasn't a superseder, but that there would not be one. Right. That record alone is far too slender a read on which to find he knew there would not be one in the future. We know his lawyer name for sure, right? There's nothing in the record suggesting that, you know, where his lawyer mentions it at all. We can presume the lawyer... The lawyer, it's clear, the lawyer, the government told the lawyer, and the lawyer knew, right? There's a letter on the docket. If you can assume the lawyer read the letter on the... This is a classic ineffective assistance of counsel claim, potentially, that has not been developed, that he should, he could raise on a 2255 with more information that he might be able to bring to the judge's attention. Your Honor, it does sound in ineffective assistance, and it was entirely proper for Mr. Bright to bring that claim of ineffective assistance through the mechanism of a motion to withdraw his plea. And it would be appropriate for the court to properly resolve it as a motion. Properly in the judge's discretion, say I'm not going to consider it in this context. You can bring it in the context of a 2255, right? Isn't that equally proper for the district court to do? I think it would not be proper for the court to deny a motion to withdraw a plea, simply because the same argument could be made later in a 2255. In fact, you know, I think... It depends on the ineffectiveness of counsel, doesn't it? I mean, the argument you're advancing for the error in the district court's ruling here really depends on whether counsel was ineffective, or am I missing something? You're right, Your Honor, that if the lawyer put in an affidavit and said, yes, we told him about the April 16th letter, that would seriously undermine the claim. And if they told him we did not tell him about the letter, that would demonstrate perhaps that their representation fell below an objective standard under Strickland. So yes, counsel's performance here was squarely before the district court. The district court is not free to deny a motion to withdraw a plea, which is supposed to be liberally granted and is subject to a different standard than a 2255, simply because it sounds in ineffective assistance. This court- Why do you think it's liberally granted? At this stage, you need a fair and just reason for requesting the withdrawal. And the fair and just reason is that there was, the government changed its position. My counsel knew about it and didn't tell me, but that's the issue, isn't it? That is the fair and just reason, and that is the issue, and I'm drawing the word liberally granted from one of this court's prior decisions. Let me give two- There's a lot more to the issue, because it's an ineffectiveness as a counsel claim, we would also have to look at, even if there was a communication, a miscommunication or lack of communication, there would have to be prejudice. Then the district judge would have to look at whether or not your client would have, if he had been aware of that information, would have gone forward or not. Correct, correct, your honor. Those are classic 2255 ineffective assistance of counsel type issues, not motions to withdraw the plea. I don't understand why you're so concerned that the judge would consider this in the context of a 2255, which could have been filed already, rather than in the context of the motion that was made. Your honor, he did file a 2255 at the same time, and the judge said it could not yet consider it because he was not yet under sentence. I would submit that that 2255 could have been considered as a rule 33 under this court's decision in US v Brown, which says that when you raise a claim of ineffective assistance between the plea and sentencing, the proper way to view it is as a rule 33, and then you can assess as a district court the ineffectiveness. He has been sentenced now, so that 2255 could be considered. At this time, it could be. Just a couple months ago, this court faced the question in a case called US v McCulloch at 2022 West Law 17724712, where the question was whether to decline the appeal and allow a subsequent 2255, or whether to send it back to the district court to assess in the context of the proceeding there in effective assistance. And in that summary order, this court sent it back to the district court, rather than the inefficient mechanism of punting it to a subsequent 2255, where there's also- Why is that inefficient if it's already pending? The 2255 he filed was denied. I believe, or what was, the judge dismissed it, but did without prejudice to refiling it. So he would need to refile a new 2255, he would need to do it without counsel, as opposed to with counsel, which he would have if it were in the context of a motion to withdraw a plea. And Judge Falo already knows the record here, and sending it back would serve the interest of judicial efficiency, and would also properly rule on his motion to withdraw. He's entitled to a ruling on that that is not an abuse of discretion. And I- Am I missing about judicial efficiency? In either case, there's going to have to be an evidentiary inquiry, right? I believe it would be proper- So for, I don't see judicial economy served. I see some of your other arguments finding support here, but what am I missing as to why judicial economy counsels for the approach you're urging? Well, Your Honor, if he were to file a 2255, it's not clear to me, although I could be wrong, that that would be immediately before Judge Falo, as opposed to treat it as a new civil matter. At some point, I guess it could come before Judge Falo, who's familiar with the record, and then she could hold the hearing- Why didn't he file the 2255 as soon as he was sentenced, and the conviction became final? Why didn't he, I mean, she correctly noted that he wasn't under sentence at that point. But she didn't, she said it was without prejudice to refile, why didn't he refile it as soon as he was sentenced? Your Honor, I don't know why a 2255 was not immediately filed, but I also think it's entirely appropriate in the direct appeal to appeal the denial of the motion to withdraw the plea, which was an entirely proper procedural mechanism to raise a claim of ineffective assistance. I'm not quarreling with that, the problem is that it's based on ineffective assistance of counsel. This court regularly reviews motions to withdraw that allege ineffectiveness on the merits, as opposed to kicking to a 2255. I'm over time and reserve for rebuttal, but thank you, Judge. Thank you. May it please the court, my name is Justin Rodriguez, and I'm an assistant United States attorney for the Southern District of New York. I represent the United States on this appeal, as I did before the district court. Your honors, this court's remand order was very specific. It directed the district court to perform a very discreet task. To impose any special conditions of supervised release in open court and to allow the defendant to challenge any of those conditions if he so chooses. That's it. It did not vacate or otherwise disturb Mr. Bright's judgment of conviction. In fact, it affirmed Mr. Bright's conviction in all other respects. Under this court's precedent, Mr. Bright could not exploit a very limited supervised release related remand to try and undo the entirety of his conviction. This court ruled in the Barisi case. If the remand specifies the nature of the correction to be made, the scope of the issues on remand is thereby limited. Here, this court's remand order unquestionably specified the nature of the correction to be made. Impose the special conditions of supervised release in open court and give the defendant a chance to challenge them. Judge Thaler did that, and the scope of the issues on remand was thereby limited. Mr. Bright was not free to try and exploit a very limited purpose remand to undo the entirety of his conviction. I would also note this court's decision in the Ben Zvi case. In that case, this court ruled that the trial court should look to not only the specific dictates of the remand order, but as well to the broader spirit and mandate. And here, I submit that Judge Thaler did that as well. In the Ben Zvi case, this court remanded so that the district judge could reconsider sentencing and the order of restitution that was imposed. Let me just ask you, beyond the mandate issue, there is a potential claim here, whether it be ineffective assistance or a motion to withdraw the plea. Does the governor agree there's a potential claim here? So, the government- I know the district court said, well, he was at the plea, and he knows the government didn't have a superseding indictment on the day of the plea, but for example, he may have asked the lawyer, hey, does this mean that the government, because today was the day they said they're going to do it by, that they can't seek him. The lawyer might have said to them, well, if you don't plead, they could tell the judge we need a week or two more weeks to get a superseding indictment. The lawyer might have explained to him that it was still on the table and not disclosed to him the fact that it was not on the table, because the government had, with finality, determined that it was not going to seek the execution. So there could be communications between the attorney and Mr. Bright that could raise some issues. Yes or no? So I have two responses. Mr. Bright is, as I think the court has already pointed out, free to pursue a 2255 claim. That is true today, it was true in the past. On the merits of that, the government would submit that the record does establish that Mr. Bright knew at the time of his guilty plea that the government was not going to seek a superseding indictment. And the record establishes that in two ways. The first way is the way in which your honor had pointed out with respect to the timing of everything. The government was very specific about when it intended to seek a superseding indictment by. You heard my hypothetical, is that an impossible hypothetical? That the defendant could have asked the lawyer, does this mean they couldn't seek it, can I not plead? And the lawyer might have said, well, they said they were going to do it by today, but they could ask for more time if you don't plead today. So- Undo the rationale that you're suggesting, isn't it? So your honor, in that case, I would point to the second reason why the record establishes that. And that is, I think in both that hypothetical as well as the argument by counsel here, is that it was the government's threat of a superseding indictment that forced the defendant to plead guilty when he otherwise wasn't. During the Rule 11 proceeding, Judge Fela asked Mr. Bright, while he was under oath, has anyone forced you or threatened you, using that same word, threatened, to either sign the plea agreement or plead guilty? And he said no, and that's at page 93 of the appendix. He didn't say, yes, the only reason why I'm pleading guilty is because the government is threatening me with a superseding indictment. And this court has repeatedly held that district court judges are permitted to rely on the veracity of a defendant's sworn statements during a Rule 11 plea. And for good reason, a Rule 11 plea proceeding is serious business. It's a grave and solemn act. I'm not sure a defendant would interpret, has anyone threatened you, a lawful threat by a government to file a superseding indictment, that they would interpret that. That's what the judge means when the judge says, has anyone threatened you, right? Well, your honor, I'm- I wonder whether you would characterize your advising anyone that you might seek. Seeking a superseding indictment as a threat. I certainly would not, but of course, the question is what was in Mr. Bright's mind. Well, but that's the point. I mean, you're now arguing that he must have considered it a threat, and that is for, that he didn't. And so he answered no. I mean, I'm not quite sure what you're saying, but you're saying he knew that you weren't going to seek a superseding indictment because he answered that he hadn't been threatened. Your honor, I think it shows that he knew that the government had withdrawn its intense- But it's not a threat. You've just conceded that it's not a threat. From my perspective, your honor, I think the answer is- So what makes you, what's your basis for saying that Mr. Bright would have viewed it as a threat? It's so clearly that there should be no hearing, and that there should be a conclusion that he knew that you couldn't do it anymore, or weren't going to do it anymore. So, your honor, I would say a couple things. Number one is, in this posture, it is Mr. Bright's burden, and not the burden of the government, to establish a substantial question as to the voluntariness of the plea. If there had been any uncertainty about that, he certainly could have expressed that during the Rule 11 proceeding in response to Judge Vela's questions, but he did not. Instead, what we have here are statements that contradict the record, and that are otherwise rather conclusory. We don't know from the record, and again, it is- If you put in an affidavit on 2255 that said, my lawyer never told me, I didn't understand when I was asked about threat, to me no threat, I never knew. We had a conversation inconsistent with that, among my hypothetical. Wouldn't the judge have to have a hearing then, and hear from the lawyer? Or at least ask for an affidavit from the lawyer, right? In your honor's hypothetical in which the defendant put in such an affidavit, yes, absolutely. I think in that circumstance, the government following what it understands to be the appropriate procedure, would ask the defendant to fill out an attorney-client waiver so that an affidavit can be put in from his attorneys. And depending on what the affidavits say, I think the district court judge would make a decision. And the 2255 is going to get reassigned to Judge Failer. He suggested that it could go to another judge. That's not the way it works, right? My understanding is the court's understanding. The 2255 that was filed, I believe, was the result of a new civil matter. But I think as a docketing practice, the judges who preside over the criminal case routinely are assigned the 2255. So I would have every expectation that if Mr. Bright files a 2255, that is something that Judge Failer would be assigned to and would hear. Your Honor, the last issue I'd like to address is, again, moving aside from the mandate rule issue, the question of whether there is a fair and just reason for allowing Mr. Bright to withdraw his guilty plea. This court has directed district courts to consider a number of factors of which the voluntariness of the plea is just one. And all of the other factors in this case would counsel in favor of this court affirming the district court's decision. There is no claim of innocence here. Mr. Bright admitted in his plea agreement and as part of his guilty plea allocution that he murdered Mari Paulino when he shot and killed him and that he conspired to commit Hobbs Act robbery. This is not a case involving claims by an innocent man and that is a relevant factor under this court's jurisprudence. The second factor is the length of time that has passed and the importance of the finality of a guilty plea. Here more than two years have passed since Mr. Bright's guilty plea and the filing of his motion. And this court has found in at least three cases that seven months weighs in favor of denying such a motion. The prejudice to the government and to the family of Amari Paulino is also a relevant factor for this court to consider. Mr. Paulino was killed by Mr. Bright on Christmas Eve over eight years ago. The government and the victim's family would be deprived of the benefit of the bargain that it reached as part of the plea agreement here. The government offered this plea agreement to Mr. Bright for among other reasons to spare Mr. Bright another trial and to give them some certainty as to the outcome here. Witnesses' memories have certainly faded, cooperating witnesses have been sentenced and released. There would be significant prejudice to the government if Mr. Bright were allowed to withdraw his guilty plea. And then finally, your honor, the last factor is whether there has been a substantial question as to the voluntariness of the plea. For the reasons I've already discussed, I would respectfully submit that Mr. Paulino has given the record on this posture, as opposed to a 2255 down the road, that there is such a significant question. May I ask you a little bit about the charging posture of the case? He pleaded guilty after there was a hung jury on the three charges, Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and murder through the use of a firearm. And when he pleaded, he was allowed to plead to conspiracy to commit Hobbs Act robbery. Now, I understand that you could have tried him on the original charges. What were the superseding charges going to be? Thank you, your honor. So this was essentially a drug robbery gone bad. The superseding charge was going to be a conspiracy to distribute oxycodone in violation of a B1C charge. So a charge that carried zero to 20 years, which is the only charge that's available in an oxycodone charge. The charges that were already pending, specifically the substantive Hobbs Act robbery, together with murder through the use of a firearm during a crime of violence. If he were convicted of that, those carried a life sentence? A potential life sentence? The 924J carries a maximum term of imprisonment of life. So the superseding charge got what for the government? It would be another charge that the government would, if it were able to prove, can get a charge of conviction without having to prove Mr. Bright's involvement in the robbery or the shooting. Okay, okay, thank you. Unless the court has any further questions. Thank you. And please, the court, I would like to simply briefly respond to a few points Mr. Rodriguez made. First, I would urge the court to look at USV Arteca 411 F3rd 315 from this court in 2005. In which this court said that ineffective assistance of counsel in connection with plea negotiations can invalidate a guilty plea and make withdrawal appropriate to the extent that counsel's performance was deficient. It is entirely appropriate to raise allegations of ineffective assistance in a motion to withdraw a guilty plea. And the district court should have ruled on that in the merits. The district court's ruling here was an abuse of discretion because the bases the district court relied on didn't support the findings.  And on the merits, this court's colloquy with Mr. Rodriguez about whether the withdrawal of the, whether the threat to file a superseder was a threat as that term is used in the plea colloquy. That simply demonstrated how the allocution here did not remotely answer the question of whether Mr. Bright was apprised of the April 16th letter. I have an understanding. Why is it your client says he only pleaded guilty because of the possibility of a superseder, when the possible superseder was a zero to 20 year count? And he already faced counts with potential life imprisonment? Your Honor, the seriousness of the penalty is not the only thing that makes the superseder a problem. Yeah, I understand that, so I'm trying to understand what your client's position is. I think it's not clearly developed in the record, but I believe it would be that to the extent the superseder would either make conviction more likely or increase the possible penalties that would induce a guilty plea. And there's- Well, it wouldn't have increased penalties, right? It would have, are you saying it would have been easier to convict him on the drug count than on the Hobbs counts? I mean, sitting here today is the first I've learned that that was the potential superseder. There's some question in the record of whether the superseder would have had different charges. This is all of what would have been developed at a hearing. Okay, thank you. Unless the court has other questions, we'll rest on our papers. Thank you all. We'll reserve the decision, and we are adjourned. The court is adjourned.